IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

OLISAEMEKA OTEGBULU,

Plaintiff,

vs.

ALIVATION HEALTH, LLC,

Defendant.

**4:26CV3181**

**ORDER**

This matter is before the Court on Plaintiff's motion for leave to file a second amended complaint. Filing No. 14. Plaintiff seeks leave to add Walter J. Duffy, M.D., P.C. ("Corporation") as a defendant, alleging, as Alivation Health, LLC's parent corporation, it is part of the enterprise that discriminated against Plaintiff. In opposition, Alivation Health LLC ("Alivation") argues the proposed amendment is futile because Plaintiff failed to exhaust administrative remedies as to the Corporation and further, because he failed to state a plausible integrated enterprise claim against the Corporation. Filing No. 17. For the reasons below, Plaintiff's motion will be granted.

## BACKGROUND

Plaintiff filed the present action on June 18, 2026, alleging Alivation discriminated against him based on his race and nation origin, subjected him to a hostile work environment, and retaliated against him after he engaged in protected activity, all in violation of Title VII of the Civil Rights Act of 1964. Filing No. 1. On July 14, 2026, Plaintiff filed an amended complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1). The Amended Complaint brings the same three claims. Filing No. 9. Specifically, Plaintiff, a Black man of Nigerian national origin, alleges he was hired by Alivation as Manager of Research Operations in October 2025,

relocating from Chicago to Lincoln. According to Plaintiff, Defendant's employees questioned him as to his citizenship, made comments reflecting discriminatory stereotypes of about Nigeria and Nigerians, made unnecessary inquiries into his personal life and family background, and treated him differently than other new employees. Filing No. 9 at 4-5. Plaintiff allegedly documented these instances by notifying human resources and Alivation's Chief Operations and Compliance Officer through email. Filing No. 9. Shortly thereafter, and allegedly without prior notice, discipline, or investigation, Alivation terminated Plaintiff, citing ongoing harassment originating with Plaintiff against another employee. Filing No. 9 at 7. Plaintiff was employed by Alivation for approximately 24 days.

The evidence presented in support of the present motion illustrates that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against "Alivation Health" on November 17, 2025. Filing No. 15-1. The EEOC issued a "right to sue letter" on March 31, 2026. Filing No. 9 at 3; Filing No. 15-2.

As is relevant to the present motion, Alivation filed its corporate disclosure statement pursuant to Fed. R. Civ. P. 7.1 on October 3, 2026. Filing No. 13. Alivation is a limited liability company with Walt Duffy, M.D. as its sole member. Walter J. Duffy, M.D., P.C. is identified as Alivation's parent corporation. Filing No. 13.

**ANALYSIS**

"The court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. Proc. 15(a)(2). The Court may deny a motion for leave to amend "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir.2018) (quoting citation omitted). "An amendment is futile if

the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting citation omitted).

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to the nonmoving party. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir.2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir.2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Alivation argues that Plaintiff's proposed second amended complaint is futile, and his motion for leave to amend should be denied, because Plaintiff did not name the Corporation in the charge of discrimination filed with the EEOC. Filing No. 17 at 4. Similarly, Alivation argues that even if Plaintiff had exhausted his administrative remedies, he fails to state a plausible integrated enterprise claim against the Corporation. Filing No. 17 at 7.

As a general rule, a complainant must file a charge against a party with the EEOC before she can sue that party under Title VII. *Sedlacek v. Hach*, 752 F.2d 333, 335 (8th Cir. 1985). Exceptions to this rule have been recognized, however, when "substantial identity" exists between the parties before the EEOC and the trial court. *Id.* at 336. This exception is an acknowledgement that plaintiffs alleging discrimination usually proceed pro se during the administrative stage and "should not be charged with the knowledge of the ofttimes intricate legal corporate

relationships between closely held operating units." *Sedlacek*, 752 F.2d at 336. Thus, the question is whether "there is sufficient identity of interest between" those who were and were not named at the administrative stage "to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation." *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985) (quoting *Romero v. Union Pacific R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980)). Factors that courts consider in determining whether entities constitute a single employer include the interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control. *Baker v. Stuart Broad. Co.*, 560 F.2d 389, 392 (8th Cir. 1977).

Here, Plaintiff's second amended complaint plausibly suggests that the Corporation is "substantially identical" to Alivation Health and that the corporation either knew or should have known a claim was asserted against them. *See Sedlacek*, 752 F.2d at 336. Plaintiff's proposed second amended complaint specifically alleges Alivation is a "single integrated enterprise" based on the relationship between the Defendants, their joint operations and management and common ownership and control. Filing No. 14-2 at 3. Moreover, Plaintiff must simply *adequately plead* a plausible factual basis for administrative exhaustion as to the Corporation. *Richter*, 686 F.3d at 850 ("'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).). A more fact-intensive analysis to determine if a substantial identity of interest exists between the Defendants is not proper given the procedural posture – i.e. a motion to dismiss. *See Hogan v. Cosmic Concepts*, No. 4:11CV056, 2011 WL 4528470, at *3 (E.D. Mo. Sept. 29, 2011) (declining to reach determination as to substantial identity exception on a motion to dismiss).

Furthermore, failure to exhaust administrative remedies is treated as an affirmative defense, and thus, it is the defendant's burden to plead and prove. *Miles*

*v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir.2007) (per curiam). Dismissal of a claim on the basis of such an affirmative defense ordinarily is not proper. *Id*. (holding that exhaustion is an affirmative defense and dismissal was improper where the plaintiff had adequately alleged exhaustion); *see also Whitney v. Franklin Gen. Hosp*., 995 F. Supp. 2d 917, 930 (N.D. Iowa 2014) (finding dismissal "particularly inappropriate" where complex relationship existed between employer which would not have been apparent to an employee).

Likewise, the Court finds Plaintiff adequately pled that Alivation and the Corporation are an integrated employer for purposes of Title VII.

In *Baker* the Eighth Circuit held that several factors should be considered when determining whether entities should be considered a consolidated employer for purposes of Title VII: interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control. *Baker,* 560 F.2d at 391. Although there is a strong presumption of corporate separateness, that presumption may be overcome if (1) "the parent company so dominates the subsidiary's operations that the two are one entity and therefore one employer," or (2) "the parent company is linked to the alleged discriminatory action because it controls 'individual employment decisions.'" *Brown v. Fred's Inc.*, 494 F.3d 736, 739 (8th Cir. 2007).

Here, the proposed second amended complaint alleges the entities have common ownership and management, that the Corporation was responsible for administration of Alivation, and that the personnel actions at issue in this case were carried out by agents of the Corporation. *See* Filing No. 14-2 at 1-4. At this stage of the proceedings, drawing all reasonable inferences in favor of Plaintiff, there are sufficient factual allegations in Plaintiff's proposed second amended complaint to make plausible his claim that Alivation and the Corporation were an integrated employer for purposes of Title VII and NFEPA. *See Davis v. Ricketts*, No. 8:11CV221, 2011 WL 9369010, at *5 (D. Neb. Nov. 14, 2011) (denying a motion to

dismiss finding sufficient facts to support an integrated entity);[1] *see also Vahid v. Farmers Ins. Exch.*, 985 F. Supp. 2d 1002, 1009 (S.D. Iowa 2013) (finding Plaintiff met minimal burden of alleging facts that illustrate plausible claim and noting multi-factor integrated enterprise test is "incredibly fact-intensive"); *Osborne v. Nixa Fire Prot. Dist.*, No. 20-3041-CV-SRB, 2020 WL 3317610, at *3 (W.D. Mo. June 18, 2020) (noting entity relationships would become clearer during discovery process).

Accordingly,

Plaintiff's motion for leave to file a second amended complaint, Filing No. 14, is granted. Plaintiff shall file his second amended complaint, a copy of which was attached to his motion, on or before September 23, 2026.

IT IS ORDERED.

Dated this 17th day of September, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

[1] Defendants cite *Davis v. Ricketts*, 765 F.3d 823, 827 (8th Cir. 2014) in support of their position that no integrated enterprise exists. However, the Eighth Circuit affirmed that finding on summary judgment, rather than on a motion to dismiss.